UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MINOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08CV123 CDP |
| | ) | |
| ALFA LEISURE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Charles and Barbara-Jo Minor claim that a motor home they

purchased from defendants in 2004 was defective.  Plaintiffs brought suit in state

court asserting claims for breach of express and implied warranties, violation of

the Missouri Merchandising Practices Act, and violation of the federal Magnuson-

Moss Warranty Act.  Defendants Danny Hetzler and Johnnie Crean removed the

case to this court on federal question grounds.  Plaintiffs have moved to remand.

The parties dispute whether the removal of this case was timely.  Plaintiffs

claim that Hetzler and Crean were served in April of 2008, but did not file their

notice of removal until August, more than 100 days later and outside the 30-day

time period for removal specified in 28 U.S.C. 1446(b).  Defendant Crean

maintains that he was never properly served with a copy of the petition, although

the state court concluded otherwise.  Defendant Hetzler meanwhile has filed

affidavits showing that he has apparently been served twice, once in April and once again in July. The removal notice was filed within 30 days of the July service but more than 30 days after the April service. Additionally, both Hetzler and Crean contest the default judgments that have been entered against them, and it is unclear from the state court file whether one or both of the default judgments has been set aside. Hetzler and Crean also claim that both this court and the Missouri state court lack personal jurisdiction over them in this matter.

I need not sort out this mess. This case lacks a federal question because the only federal claim in the petition has been resolved. The Magnuson-Moss claim in Count II of the petition was asserted against defendant Alfa Leisure only. Default judgment was entered against Alfa Leisure on June 26, 2008. Therefore, the remaining parties in the case are parties against whom only state claims are asserted. Even if it is permissible for me to hear the remaining claims by means of supplemental jurisdiction, I see no reason to do so. 28 U.S.C. § 1441(c). This is purely a state court dispute raising issues of state law and involving non-diverse parties.

Furthermore, defendant Art Rivard never joined in the removal, although the state court file indicates that he has been properly served with the state court petition. There has been no indication from the removing defendants that Rivard consented to the removal. The rule is well-established that all properly joined and

served defendants must join in or consent to removal of an action for the removal to be proper. *Chicago, Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001). *See also* 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998).

For the foregoing reasons, plaintiffs' motion to remand this case will be granted, but I will not award costs, as it appears plaintiffs' improper returns of service contributed to the confusion in the case. To the extent that the parties are requesting additional relief from this court, such requests are denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [#3] is GRANTED, and this case is remanded to the Circuit Court of Scott County, Missouri.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2008.